**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JONATHAN FARBER,

Plaintiff,

v.

THE WALT DISNEY COMPANY, *et al*.,

Defendants.

Case No.: 1:24-cv-00391-AS

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

ORAL ARGUMENT REQUESTED

**McDERMOTT WILL & EMERY LLP**

Kerry Alan Scanlon (admitted *pro hac vice*)
David Beach
500 North Capitol Street, N.W.
Washington, DC 20001
Tel: (202) 756-8696

*Attorneys for Defendants*

Dated: June 28, 2024

**PRELIMINARY STATEMENT**

Put simply, plaintiff's opposition is an exercise in poetic license. As plaintiff tells it, he was denied a promotion, refused a transfer, improperly compensated and then ultimately terminated because he is Jewish. At a time when anti-Semitism is rising at an alarming rate and the tragic events in Gaza and the Middle East have polarized the nation, if not the world, plaintiff's is a seemingly compelling story, particularly because, according to him, senior executives condoned, if not directed, these alleged discriminatory acts. The problem is that in constructing his tale of an employer's callous discrimination and retaliation,[1] plaintiff ignores the very facts he insists must be taken as true, misconstrues the ones he does include, and strings together unrelated events in an effort to satisfy the temporal and causation elements of his claim. But no amount of sophistry can change the fact that this entire case is based on one ten-year-old unfortunate, but nevertheless, "stray" comment. Try as he might to justify letting this case proceed beyond the pleading stage, plaintiff has not plausibly alleged anything related to his employment that could create an inference of discriminatory intent based on his religion.

Accordingly, defendants' motion should be granted and the Complaint dismissed because (i) plaintiff's promotion claim is time barred;[2] (ii) Jack Eldon, not Marie Pierre-Varin (the person who retweeted the offending joke) denied his transfer request, and no discriminatory intent is attributed to him; (iii) religious animus is not the alleged reason for the mistake in plaintiff's post-promotion compensation, and any claim that the mistake was retaliatory fails because it occurred nearly a year and a half after plaintiff's internal complaint against Varin and the sole factual predicate for the claim is the unsupported belief of one of his colleagues; and (iv) there is

---

[1] Unfortunately, plaintiff and his counsel also go to great, and wholly unnecessary, lengths to attack and embarrass defendants for exercising their legal right to challenge the sufficiency of a complaint in an unrelated case that is based on an entirely different set of alleged facts.

[2] Accepting for purposes of this motion to dismiss plaintiff's argument that an action that pre-dates the limitations period can be considered, at least as evidence, if it is "linked to" similar actions during the limitations period, that cannot save the promotion claim here because the complaint does not allege any other specific acts of disparate treatment to which the promotion claim could be connected. *See* Section II *infra.*

no temporal proximity between plaintiff's complaint against Varin and his termination three and a half years later.

**I. <u>Varin's Retweet Is Not Evidence of Discriminatory Intent in the Workplace</u>**

Plaintiff's reliance on Varin's 2014 retweet as evidence of religious discrimination is unavailing to defeat this motion. Even in *Hernandez v. City of New York*, 2019 WL 2410129, at *7 (S.D.N.Y. June 7, 2019), a case plaintiff cites under the New York City Human Rights Law ("NYCHRL") which involved claims that a male officer was given dangerous and undesirable assignments compared to female officers, the court found that a statement made outside the statute of limitations "may be indicative of Defendant's intent" only because the statement (1) was made by the same person "responsible for making Plaintiff's schedule" and (2) "can be read *as proof* that Plaintiff was assigned less desirable tasks because of his gender." (Emphasis added). Even so, the court found this was "barely" enough at the pleadings stage to prevent dismissal of the claim. *Id.* Here, the 2014 retweet cannot possibly be read as "proof" of any claim made by plaintiff during the limitations period, indeed it is not even distantly *related* to any claim plaintiff has made or to any workplace issue at all. Defendants have cited cases under both the NYCHRL and Title VII holding that negative stray remarks which are far more connected to the plaintiff's workplace than the ten-year-old retweet here are not evidence of discriminatory intent. Plaintiff has only cited *Hernandez.*[3]

**II. <u>Plaintiff Fails To Allege A Plausible Disparate Treatment Claim</u>**

Plaintiff concedes he was promoted on his return to work from the pandemic furlough in 2021 but nevertheless contends that Varin's purported religious animus was the reason he was not promoted in January of 2020, three months before the city went into lock down. Plaintiff acknowledges, as he must, that the 2020 decision not to promote him at that time falls outside the

[3] Contrary to plaintiff's assertion, the stray remark caselaw under Title VII is not "irrelevant" because courts analyzing claims under the NYCHRL look to Title VII when there is a paucity of case law under New York City law, while keeping in mind the less stringent pleading requirements of the NYCHRL. *See Syeed v. Bloomberg L.P.,* 568 F. Supp. 3d 314, 321 (S.D.N.Y. 2021), *overruled on other grounds*, 2024 WL 2813563 (2d Cir. June 3, 2024).

statute of limitations. Nor does plaintiff contest that he has not alleged any of the "factual content" *Iqbal* requires to support his conclusory allegation that Varin actually played a "meaningful role" in that decision as there is not a single detail about what her role was or why it was "meaningful."

Finally, there is no merit to plaintiff's suggestion that his time-barred promotion claim is nevertheless relevant to show Varin's motivation for any alleged acts of disparate treatment during the limitations period because he does not allege that any of the alleged employment acts that occurred during the limitations period were the result of religiously motivated disparate treatment.

First, according to the Complaint, Jack Eldon, not Varin, denied his 2021 request to transfer internally to another role and Varin had nothing to do with that decision.[4] And Eldon is not accused of any religious animus. Compl. ¶¶ 40-41. Second, plaintiff does not allege any disparate treatment with respect to his post-promotion compensation. Instead, he alleges that Varin lowered his salary increase in retaliation for him complaining about her. *Id.* ¶ 47. And finally, plaintiff's termination, which is the last employment action in the limitations period, is alleged to be not the result of disparate treatment, but rather of the Theatrical Group's "retaliatory firing of Farber" done because "Disney's leadership resented Farber for the complaint lodged against Varin." *Id.* ¶ 49.

Thus, the only disparate treatment claim in this case involves the initial denial of plaintiff's promotion, and that claim is time barred. Although plaintiff argues, without citing any cases, that the alleged statements by senior executives that they "had no issues with anything Varin said or did," is somehow an endorsement of religious discrimination, it is a red herring. Plaintiff concedes that his 2020 complaint about Varin included a number of unidentified but not discriminatory "other actions," and it is equally plausible that senior executives were referring to

[4] In his opposition, Farber twice asserts that Varin participated in "rejecting Farber's internal transfer request" (Opp. at 9, 12), but there is nothing anywhere in the Complaint which alleges this.

the decision not to promote Farber in 2020 and not to the 2014 retweet, particularly given that those same executives greenlit the same promotion in 2021. Moreover, that reaction, in the context of responding to an investigation, reflects the difference between the exercise of poor judgment in retweeting the joke—which is not evidence of employment discrimination—and a predilection to discriminate against Jewish people in the workplace, which is not demonstrated by the ten-year-old retweet that was the subject of the investigation.

## III. <u>There Is No Plausible Claim of Retaliation</u>

The complaint does not allege that plaintiff engaged in protected activity because it does not allege that Farber made a complaint about "an activity prohibited by law," which is required under the NYCHRL. Mem. at 10. Plaintiff asserts in his opposition that "Farber alleges he formally complained in writing to Disney's HR Department about not receiving a routine promotion because he is Jewish and the decisionmaker, Varin, is antisemitic" (Opp. at 14) but that is not what the complaint alleges. The only specific mention of what was in the written complaint is the retweet, and that is not an activity prohibited by law. Compl. ¶ 29.

The parties agree that the protected activity must be "closely followed" by the adverse employment action to establish a claim of retaliation under the NYCHRL. Opp. at 15-16. However, plaintiff fails to address the numerous cases cited in defendant's memorandum which hold that "a passage of more than two months between the protected activity and the adverse employment action does not allow for an inference of causation." *Vinokur v. Sovereign Bank*, 701 F. Supp. 2d 276, 296 (E.D.N.Y. 2010) (internal quotation marks omitted). Indeed, plaintiff relies on *Shaughnessy v. Scotiabank*, 2024 WL 1350083, at *12–13 (S.D.N.Y. Mar. 29, 2024) for the retaliation standard, which exemplifies the deficiencies in plaintiff's complaint. There, the court held that a plaintiff sufficiently alleged causation when, in one instance, no more than two months passed between the protected activity and adverse employment action, and in another instance only three months had passed. Here, plaintiff alleges that defendants retaliated against him by lowering his raise (which occurred nearly a year-and-a-half after his complaint) and by terminating him (which occurred almost three and a half years after his complaint). Compl. ¶ 64.

Both alleged incidents are too removed from the April 20, 2020 complaint to support causation.

## IV. The Two Corporate Defendants Are Not A Single Employer

Plaintiff's Opposition spends most of its time on this issue making statements about the supposed ties between the two corporate defendants that are not found anywhere in the complaint, and about a completely different case, *Dobney v. Walt Disney Company,* 2024 WL 325336 (S.D.N.Y. Jan. 29, 2024), in which the prior judge handling the case declined to dismiss The Walt Disney Company ("TWDC") on the grounds that it was not a joint employer. For example, Farber contends in his Opposition that "The Walt Disney Company and Buena Vista's Labor Relations and Human Resources functions clearly operate as one entity that controlled Farber's workplace at Disney Theatrical Group" but that assertion is not made anywhere in the complaint, where it counts. The complaint in *Dobney* contains 41 separate paragraphs under the heading "The Corporate Defendants Are a Single Employer Under the Law" and Farber's complaint contains no paragraphs devoted to this issue. Farber fails to plausibly allege that defendant TWDC was involved in the decision to promote him, determine his pay, or terminate him. Simply lumping TWDC and the Theatrical Group under one term, "Disney," and stating that a single employer relationship "can be reasonably inferred from what Farber already knows about his workplace" is not enough to establish a single employer relationship under the case law in this district. *See Weiss v. Starr Rest. Org., LP*, 2021 WL 3099895, at *5 (S.D.N.Y. July 21, 2021).

## CONCLUSION

For all the reasons set forth herein and in defendants' opening brief, the Court should grant the motion to dismiss this case with prejudice.

Dated: New York, New York
June 28, 2024

Respectfully Submitted,

McDERMOTT WILL & EMERY LLP

By: */s/ Kerry Alan Scanlon*

Kerry Alan Scanlon (admitted *pro hac vice*)
David Beach
500 North Capitol Street, N.W.
Washington, D.C. 20001
Telephone: (202) 756-8696
Facsimile: (202) 591-2791
kscanlon@mwe.com
dbeach@mwe.com

*Attorneys for Defendants*