**KF&C  Kibler Fowler & Cave** LLP

Matthew J. Cave
Direct: 310.409.0475
mcave@kfc.law

11100 Santa Monica Boulevard
Suite 360
Los Angeles, California 90025

Office: 310.409.0400
Fax: 310.409.0401

www.kfc.law

December 19, 2024

> The motion to compel is GRANTED. Defendants may not redact documents for relevance and must reproduce (in a timely manner) the documents in the November 27, 2024 production without redactions for relevance.
>
> SO ORDERED.
>
> Arun Subramanian, U.S.D.J.
> Date: December 20, 2024

**VIA ECF**

The Honorable Arun Subramanian
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *Jonathan Farber v. The Walt Disney Company, et al.*
      Civil Action No. 1:24-cv-00391

Dear Your Honor:

    I write on behalf of Plaintiff Jonathan Farber in the above-referenced action. Plaintiff submits this letter-motion regarding a discovery dispute with Defendants The Walt Disney Company and Buena Vista Theatrical Group d/b/a Disney Theatrical Group ("Theatrical Group"). Plaintiff respectfully requests an Order compelling Theatrical Group to re-produce its November 27, 2024 document production without any redactions for "relevance." The November 27 production contains significant redactions on key documents based on Theatrical Group's unilateral determination of what is relevant; such redactions are improper and should be removed.

I.   **Nature of Discovery Dispute**

    This case concerns Defendants' unlawful retaliation against their former employee, Jonathan Farber, after he submitted a religious discrimination complaint. Plaintiff served document requests to Defendants on July 26, 2024. Rather than complying with the statutory deadline, Theatrical Group has been producing documents on a rolling basis.[1] Theatrical Group's latest production occurred on November 27, 2024.

    The November 27 production contains numerous redactions. Some pages are even redacted in their entirety. For example, there are redactions in Defendants' interview reports with its employees regarding Plaintiff's discrimination complaint. Notably, everything under a

---

[1] Theatrical Group is the only Defendant that has produced documents in this case. The Walt Disney Company has produced nothing.

The Honorable Arun Subramanian
December 19, 2024
Page 2

"Furlough" or "Spot Bonus" heading in these reports is redacted—Defendants' mistreatment of Plaintiff regarding furlough and his salary, among other things, are specifically alleged in the Complaint and clearly relevant to his retaliation claim. *See* Compl. ¶¶ 25-47.

When Plaintiff's counsel inquired regarding the basis for such redactions, Defendants' counsel eventually responded that "The redactions in the November 27, 2024 production were made for relevance." But relevancy redactions from otherwise responsive documents, as Theatrical Group has done here, are presumptively improper. *Durling v. Papa John's Int'l, Inc.*, No. 16 Civ. 3592 (CS) (JCM), 2018 WL 557915, at *9 (S.D.N.Y. Jan. 24, 2018) ("[R]edactions on grounds of non-responsiveness or irrelevance are generally impermissible, especially where . . . a confidentiality stipulation and order...is in place."); *John Wiley & Sons. Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186 (S.D.N.Y. 2014) ("[R]edactions of portions of a document are normally impermissible unless the redactions are based on a legal privilege."). The Court in *Kaiser Aluminum Warrick, LLC v. US Magnesium LLC*, No. 22-CV-3105 (JGK) (KHP), 2023 WL 2482933, at *2 (S.D.N.Y. Feb. 27, 2023), noted that in the rare instances in which relevance redactions may be permissible, "a party should request permission [from the Court] to make such redactions in advance of a production."[2]

Theatrical Group's redactions are improper, as this Court has specifically held in prior cases, including a case in which the law firm representing Theatrical Group challenged redactions for relevance. *See Kaiser Aluminum Warrick, LLC, supra*. In addition to the redactions being presumptively impermissible, there is a stipulated protective order in place in this action—making the redactions especially improper here. Further, Theatrical Group did not request, much less receive, permission from the Court for any redactions prior to the November 27 production. Instead, they produced troves of key documents that are largely redacted on the eve of scheduled depositions (the first of which took place today, after Disney cancelled another deposition that was scheduled for earlier this week). Such gamesmanship should not be tolerated.

Theatrical Group should be ordered to remove all redactions from the November 27 production and re-produce those documents in full. Given that depositions in this matter are already underway, Theatrical Group should be ordered to re-produce these unredacted documents immediately.

## II.   Meet-and-Confer Conference

On December 13, 2024, Plaintiff sent Defendants a letter requesting the redactions be removed and scheduling a formal meet-and-confer conference on the matter. Plaintiff's and Defendants' counsel, including Lead Trial Counsel for all parties, met and conferred via

---

[2] The Court in *Kaiser Aluminum Warrick, LLC, supra*, permitted *some* of the redactions at issue because they concerned financial information. Disney's redactions, however, do not concern any financial information.

The Honorable Arun Subramanian
December 19, 2024
Page 3

videoconference on this issue (and others) on December 17, 2024 at approximately 4:00 p.m. EST. The conference lasted approximately 30 minutes. The following individuals attended the December 17 meet-and-confer conference: Plaintiff's counsel Matthew Cave, Daniel Kovel, and Charles Cardinal, and Defendants' counsel Kerry Scanlon and Caitlin Drott.

    During the conference, Defendants' counsel conceded the general rule is that relevancy redactions are improper, but argued they are acceptable in this instance because they concern Plaintiff's religious discrimination complaint and that claim has been dismissed from this lawsuit. In response, Plaintiff's counsel noted that the remaining retaliation claim directly involves Defendants' *response to the discrimination complaint*; therefore, documents and communications concerning the discrimination complaint and Disney's response thereto are highly relevant. Defendants' counsel disagreed but provided no reasons. Plaintiff stated that the parties are at an impasse and Plaintiff would be requesting relief from the Court.

    In any event, Defendants' counsel merely asserting that the redactions are of supposedly irrelevant information—which Plaintiff's counsel cannot confirm without seeing the information, of course—does not justify the redactions, which are presumptively improper. Rather than giving an independent reason to justify the redactions, Defendants' counsel merely restated that the redactions are of supposedly irrelevant information. Such a contention does not satisfy any burden or advance the conversation.

    Plaintiff respectfully requests an Order compelling Theatrical Group to re-produce its November 27, 2024 document production in unredacted form, immediately.

Very truly yours,

Matthew J. Cave
*Attorney for Plaintiff*
*Jonathan Farber*